UNITED STATES BANKRUPTCY COURT

DISTRICT OF CONNECTICUT

NEW HAVEN DIVISION

IN RE: PETER L. RESSLER, DEBTOR :     CHAPTER 7

CASE #16-31062 (JAM)

SEPTEMBER 26, 2016

### JACOBS & DOW, LLC'S MOTION TO DISMISS CHAPTER 7 TRUSTEE'S MOTION FOR ORDER TO TURN OVER PROPERTY OF THE ESTATE TO THE TRUSTEE, AND RESPONSE TO CONTESTED MATTER (DOCUMENT 46)

Pursuant to Federal Bankruptcy Rule 7001(1), Federal Bankruptcy Rule 7041 (b), 11 U.S.C. §542 and 547, this Court's Contested Matter Procedure, and other authority cited below, Jacobs & Dow, LLC ("Jacobs & Dow") moves this Court to dismiss the Chapter 7 Trustee's "Motion for Order for Jacobs & Dow, LLC to Appear and Show Cause Why it has Failed to Turn Over to the Trustee Property of the Estate", Document No. 46 (the "Motion"). The motion should be dismissed for two reasons. First, the Chapter 7 Trustee's motion seeks to recover money or property from a third party, Jacobs & Dow, and thus must be pursued by an Adversary Proceeding under Federal Bankruptcy Rule 7001(1). Second, the motion's allegation that Jacobs & Dow has retained a $10,000 attorney's fee payment in violation of a court order lacks merit because United States Bankruptcy Court Judge Anne M. Nevins, presiding over the relevant proceedings in In re Eternal Enterprise, Inc., Chapter 11 Case No. 14-20292 (AMN), never entered any court order against Jacobs & Dow requiring it to return the

1

payment. In fact, the state of the record indicates that the matter is still under consideration by Judge Nevins.

I. **BACKGROUND**

Prior to March 18, 2016, Ressler retained Attorney William F. Dow, III ("Attorney Dow") of Jacobs & Dow to represent him in connection with potential criminal exposure arising out of Ressler's activities as a bankruptcy lawyer in Connecticut. On March 18, 2016, Attorney Jonathan Katz[1] of Jacobs & Dow (hereinafter "Katz") entered an appearance to represent Ressler in contempt proceedings against Ressler in the Eternal Enterprise case (Eternal Enterprise Document 414). On March 19, 2016, Katz filed a Motion to Continue Hearing (Eternal Enterprise Document 416), asserting that Ressler had retained Attorney Dow and containing copies of Ressler's written self-report of violations of the Code of Professional Responsibility and his resignation as an attorney.

On March 21, 2016, Judge Nevins denied the motion for continuance (Docket Entry 421) and wrote that "the court expects counsel for Mr. Ressler to also appear" at the contempt hearing, which was rescheduled for 2:00 p.m. on March 21, 2016. Katz and Ressler both appeared in Court that afternoon before Judge Nevins.

That afternoon, during a recess, and prior to Judge Nevins's entry of the contempt order, Ressler gave Katz a check drawn on the Peter Ressler-Shelley Ressler personal joint checking account for $10,000 payable to Jacobs & Dow. The facts of that payment are set forth in the "Affidavit of Jonathan Katz Re: Counsel Fees", In re

---

[1] Attorney Jonathan Katz is not related to the Chapter 7 Trustee.

2

Eternal Enterprise, Document 501, filed April 22, 2016. In the Affidavit, Katz averred that he received the check prior to Judge Nevins's oral announcement and later entry of her March 21, 2016 contempt order against Ressler, Docket Entry 424. He wrote, "I accepted the check as the initial payment for legal services that were then being rendered to Ressler by me, and by Attorney Dow of my firm." See Affidavit at Paragraph 2. Jacobs & Dow deposited the $10,000.00 at issue on March 22, 2016 and it cleared through Citizen's Bank the same day.[2]

Following delivery of the check, the hearing in Hartford Bankruptcy Court resumed. Later during the hearing Judge Nevins announced from the bench a court order, which she subsequently issued in writing and filed on March 21, 2016, at 18:33:28 p.m. That Order made findings against Ressler, and entered the following Orders:

> NOW THEREFORE, based on the record before the Court, it is hereby
>
> ORDERED, that Peter L. Ressler is hereby found to be in civil contempt of this Court's Orders; and it is further
>
> ORDERED, that in order to coerce Peter L. Ressler's compliance with the Court's Orders, for so long as Peter L. Ressler fails to cure this contempt by delivering $321,409 of the Debtor's funds or replacement funds to the Debtor, or until he obtains an order of this Court, after notice and a hearing, finding that such delivery or compliance is impossible based upon his IOLTA business account

---

[2] The "Affidavit of Jonathan Katz re: Counsel Fees" was filed in the Eternal Enterprise case on April 22, 2016 as Docket Entry 501. Katz filed in compliance with an instruction from Judge Nevins in her Court Order, Eternal Enterprise Document 481, that Katz could file " . . . . any argument or evidence respecting the issuance of payment of $10,000.00 to his firm on or after the announcement of the Court's March 21, 2016 Contempt Order, ECF No. 424, by no later than 5:00 p.m. on April 25, 2016." See Eternal Enterprise Document 481. On the same day Katz also filed "Position Statement of Attorney Jonathan Katz Re: Counsel Fees Paid by Peter Ressler" as Eternal Enterprise Document 500.

3

records or other business records, Peter L. Ressler is hereby prohibited from transferring, withdrawing, transmitting, using or otherwise disposing of or permitting withdrawal or use of funds contained in any account for which Peter L. Ressler (either singly or jointly) is a signatory, holder, owner, custodian, trustee or beneficiary, or for which Peter L. Ressler otherwise possesses the means to exert control or dominion over an account, including without limitation any account held in trust; and it is further

[ORDER requiring production of 11 checks omitted]

ORDERED: that a continued hearing on the Court's Orders and on this Order shall be held on Wednesday, March 30, 2016 at 1:00 p.m. for the purpose of addressing the scope of this Order including any payment of living expenses required to be made by Mr. Ressler, **whether the scope of this Order should include personal accounts of Mr. Ressler** and whether the restrictions set forth in this Order violate Mr. Ressler's right to assert a privilege under the Fifth Amendment to the United States Constitution (see, Armstrong v. Guccione, 470 F.3d 89, 100 (2d Cir. 2006)).

(emphasis added) The court order did not instruct Ressler to stop payment on any checks he had already written, and did not enter against Jacobs & Dow.

Judge Nevins and Attorney Katz discussed, on the record, payments of counsel fees to Jacobs & Dow for criminal defense services at a subsequent Eternal Enterprise hearing on April 13, 2016. Judge Nevins then issued a lengthy Order regarding Ressler. See Eternal Enterprise Document 481. That Order permitted Katz to file evidence and argument concerning the $10,000 counsel fees payment by 5:00 p.m. on April 25, 2016. Judge Nevins also ordered:

and it is further:

ORDERED, that a continued hearing on this Order shall be held
on May 18, 2016 at 2:00 p.m. before Chief United States Bankruptcy Judge
Julie A. Manning for the purpose of 1) allowing Peter L. Ressler to establish
Impossibility through the submission of evidence admissible under the Federal

4

Rules of Evidence; and 2) considering whether the sanctions imposed by this Order are sufficiently coercive, or whether additional sanctions, including but not limited to the conditional incarceration of Peter L. Ressler, are necessary to compel compliance.

Although Judge Nevins referred the two enumerated issues to Judge Manning, she did not refer consideration of the $10,000 fee payment. Instead, she instructed Katz to file any responsive documents on her Eternal Enterprise docket. Katz timely filed the Affidavit and Position Statement discussed at Footnote 3, above. In his "Position Statement," Eternal Enterprise Document 500, Katz wrote:

> As set forth in my affidavit, the check was delivered to me before this Court announced its order. Neither Jacobs & Dow, LLC nor I was subject to any Court order issued in this case at the time I received the check. This Court's order did not enter against Jacobs & Dow, LLC and did not require my firm to return the check to Mr. Ressler, or to not negotiate same. Nor did the Court order specifically require Mr. Ressler to issue stop-payments on checks he had issued before the order entered. Had he taken it upon himself to issue a stop-payment, this would have impacted his relationship with his counsel.

Following submission of the Katz Affidavit and Position Statement, Judge Nevins took no further action with respect to the $10,000 payment. She did not issue any Court order finding Ressler in contempt for making the payment. She did not issue any Court order requiring Jacobs & Dow to refund the money to the Peter Ressler – Shelley Ressler checking account. Indeed, no further action occurred with respect to the matter until the Trustee filed the instant Motion.

## II. ARGUMENT

### A. The Trustee's effort to recover money from Jacobs & Dow, LLC must be brought as an adversary proceeding under Federal Bankruptcy Rule 7001(1) which allows third parties additional opportunities to defend the merits of the Trustee's allegations.

On September 12, 2016, the Trustee filed a "Motion for Order for Jacobs & Dow, LLC to Appear and Show Cause Why It Has Failed to Turn Over to the Trustee Property of the Estate." The Trustee's Motion should be dismissed because it plainly violates Federal Bankruptcy Rule 7001(1) which requires that this issue be pursued by Adversary Proceeding. Rule 7001 (1) provides, in relevant part:

> The following are adversary proceedings: (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002.

Because Jacobs & Dow, LLC is clearly not "the debtor," the Trustee cannot proceed by Motion. Under these circumstances, Rule 7001(a) makes clear that an adversary proceeding is required to recover money or property from an entity other than the debtor. See In re 824 South East Blvd. Realty, Inc., No. 11-15728, 2012 WL 1372188 *2 n. 1 (Bankr.S.D.N.Y. April 19, 1012) ("Here, the Debtor is seeking to recover money from a third party in a proceeding that does not fall within one of Rule 7001(1)'s specified exceptions, but the Debtor has not filed an adversary proceeding. This procedural defect provides an independent basis for denying the debtor's motion."); In re Select Tree Farms, Inc., 534 B.R. 494, 498 (W.D.N.Y. 2015) ("Subject to exceptions not here relevant, Bankruptcy Rule 7001(a) requires the commencement of an adversary proceeding 'to recover money or property' from an entity other than the debtor.").

6

Here, the Trustee's failure to comply with the Rules of Bankruptcy and to commence an Adversary Proceeding deprives Jacobs & Dow of substantial rights under the Federal Rules of Civil Procedure applicable to Adversary Proceedings, and thus deprives Jacobs & Dow of due process of law.[3] Accordingly, the Chapter 7 Trustee's instant motion should be dismissed

### B. The Trustee's position that Jacobs & Dow has retained the $10,000 attorneys' fees payment in violation of a court order lacks merit because Judge Nevins never entered any order requiring return of the payment.

The contempt order entered by Judge Nevins against Peter Ressler was entered in a Chapter 11 case, In Re: Eternal Enterprise, Inc., Debtor, Chapter 11 Case No.: 14-20292 (AMN), in which Ressler represented Eternal Enterprise. That order, however, was not entered against Jacobs & Dow. Further, Judge Nevins took evidence and argument concerning Jacobs & Dow's entitlement to the fee, and never issued any order requiring Jacobs & Dow to disgorge the payment. Indeed, no court has ever issued any such order to Jacobs & Dow. Thus, there is no basis for the Trustee to claim that Jacobs & Dow is in contempt for violating a court order.

In particular, Judge Nevins's order issued against Ressler, after Ressler had already made the payment, and was never issued against Jacobs & Dow. Furthermore, Judge Nevins investigated the payment, and invited (but did not order) Attorney Katz to file evidence and argument on the record in the Eternal Enterprise matter, and Katz did

---

[3] By way of example, the District of Connecticut Bankruptcy Court's Contested Matter Procedure, at paragraph 2, limits Jacobs & Dow's response to the Trustee's contentions to 10 pages. Such a limitation is not present in the rules for dispositive motions in an Adversary Proceeding, Federal Rule of Bankruptcy 7012, and thus Jacobs & Dow's ability to present all of the merits of its position, and to build a complete record in this matter is unfairly limited by the Trustee's failure to follow the rules.

so. Following the submission of his Affidavit and Position Statement, Judge Nevins took no action. Significantly, Judge Nevins did not issue any order against Ressler finding him in contempt for paying his criminal defense counsel. She did not order Jacobs & Dow to disgorge the fee.

Judge Nevins did not require Jacobs & Dow to disgorge the payment, and this Court should not do so now. Under the Fifth Amendment to the United States Constitution, Ressler had, and has, the right to retain counsel of his choice to defend himself in criminal matters. Ordering the payment transferred to the Chapter 7 Trustee creates a conflict of interest between Mr. Ressler and his chosen criminal defense counsel. This could potentially interfere with his right to counsel, and could compromise the validity of all subsequent criminal and civil proceedings against him.

The record demonstrates that Judge Nevins never found anyone to be in violation of her order with respect to the $10,000 payment. Therefore, Trustee's assertion in her demand letter, and at Paragraph 9 of her Motion for Order to Show Cause, that, "the transfer was in violation of Judge Nevins' order" is nothing more than the Trustee's own expression of opinion on the matter.

Additionally, the Trustee's citation of Barnhill v. Johnson, 503 U.S. 393, 399-400 (1992) does not support her claim under these circumstances. The Barnhill holding, that a transfer made by check is deemed to occur on the date the check is honored, rather than the date the payee receives the check, does not make Ressler's payment a voidable preference, because his check cleared long before the start of the 90-day voidable preference period, and the payment constituted a contemporaneous exchange for new value. Judge Nevins could have applied the Barnhill rule to recapture the

8

payment for the benefit of the competing creditors in the Eternal Enterprise case—but she did not. Ressler's payment came from his and his wife's personal checking account. Judge Nevins' Order to Ressler imposed no obligation on him to stop payments on personal checks he had already issued, nor did Judge Nevins ever issue any Order to Jacobs & Dow.

Moreover, the $10,000 payment to Jacobs & Dow does not constitute "property of the Estate of the debtor Peter Ressler," because Ressler made the payment for legal services before the start of the 90-day voidable preference period applicable to this case, and received contemporaneous value to that payment. Specifically, on March 22, 2016, Ressler's check to Jacobs & Dow cleared through his account at Citizens Bank. On July 6, 2016, 105 days later, Ressler's creditors filed an involuntary petition against him. On August 3, 2016, an Order for Relief entered in In Re: Peter L. Ressler, Case No.: 16-31062. Thus, the payment is far outside the 90-day voidable preference period, and the Chapter 7 Trustee cannot proceed against Jacobs & Dow in good faith under 11 U.S.C. §547. Further, even if such a basis existed, the record before Judge Nevins demonstrates that the payment in question was a contemporaneous exchange for new value, and therefore not voidable. 11 U.S.C. §547(c). The evidence of "contemporaneous exchange for new value" also vitiates any assertion by the Chapter 7 Trustee that the payment from Ressler to Jacobs & Dow constituted a fraudulent conveyance, which might potentially be voidable under 11 U.S.C. §548.

Finally, equity warrants denial of the Trustee's motion on these facts. Subsequent to the entry of Judge Nevins' Order, Jacobs & Dow rendered services to Ressler both in criminal court and in the Bankruptcy Court. In Bankruptcy Court, Jacobs

& Dow complied with the Court's orders, including orders to provide U. S. Mail notice to approximately 150 of Ressler's clients, and orders to compile lists of Ressler's clients and to review lists compiled by others for the purpose of determining "minimum uncontested losses." Compliance with these orders imposed both time and cost on Jacobs & Dow counsel and support staff, some of which was defrayed by Ressler's payment. These efforts benefited the Court, Ressler's creditors, and the Estate. It is manifestly unjust and inequitable for the Chapter 7 Trustee to enrich the Chapter 7 Estate of Peter Ressler by seeking an order directing Ressler's counsel to disgorge earned fees, where those fees paid for services ordered by the Bankruptcy Court which inured to the benefit of the injured clients of Ressler. The United States Bankruptcy Court sits as a court of equity. See 11.U.S.C. §105. Equity requires the denial of the Chapter 7 Trustee's motion.

For all the foregoing reasons, this Court should dismiss the Motion for Order to Show Cause filed by the Chapter 7 Trustee, and order her to proceed by Adversary Proceeding. In the alternative, this Court should deny her Motion on its merits, with prejudice to renewal.

**JACOBS & DOW, LLC**

By: **/s/ Jonathan Katz (ct00182)**
**Jonathan Katz**
**Jacobs & Dow, LLC**
**350 Orange Street**
**New Haven, Connecticut 06511**
**Telephone: (203) 772-3100**
**Facsimile: (203) 772-1691**
**Federal Juris No.: ct00182**
**Email jkatz@jacobslaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2016 a copy of the foregoing was filed electronically and served by mail on the Office of the United States Trustee and on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Jonathan Katz (ct00182)
Jonathan Katz
Jacobs & Dow, LLC
350 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 772-3100
Facsimile: (203) 772-1691
Federal Juris No.: ct00182
Email jkatz@jacobslaw.com