UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE No.    16-31062 (JAM) |
| | ) | |
| PETER L. RESSLER, | ) | CHAPTER    7 |
| | ) | |
| DEBTOR. | ) | ECF Nos. 177, 195, 240, 275, 277 |
| | ) | |

# MEMORANDUM AND ORDER GRANTING
# MOTION FOR RELIEF FROM STAY

## I. Procedural History

On January 10, 2017, a hearing was held on Kerski Associate L.P.'s ("Kerski"), Motion for Relief from the Automatic Stay (the "Motion for Relief", ECF No. 177), the Chapter 7 Trustee's (the "Trustee") Objection to the Motion for Relief (the "Objection", ECF No. 195), and the Reply to the Trustee's Objection to the Motion for Relief (the "Reply", ECF No. 240). Counsel for the Trustee and counsel for Kerski appeared at the January 10, 2017, hearing and presented arguments in connection with the Motion for Relief, the Objection, and the Reply. At the conclusion of the hearing, the parties were given an opportunity to supplement their pleadings by January 24, 2017.

Kerski then filed a Supplemental Memorandum in Support of the Motion for Relief (the "Supplemental Memorandum in Support", ECF No. 275), and the Trustee filed a Supplemental Brief in Support of the Objection to the Motion for Relief (the "Supplemental Objection", ECF No. 277). On February 7, 2017, a continued telephonic hearing was held, and the parties advanced their respective positions in connection with the Motion for Relief, the Objection, the Reply, and the thorough arguments advanced in the Supplemental Memorandum in Support and

the Supplemental Objection. At the conclusion of the hearing, the Court took the matter under advisement.

Kerski seeks relief from the automatic stay in order to pursue professional liability and negligence claims against Peter Ressler (the "Debtor"), related to the Debtor's representation of Kerski in its Chapter 11 bankruptcy proceeding—*In Re: Kerski Associates, Limited Partnership*, Debtor Case No. 12-30954 (JAM). In support of its Motion for Relief, Kerski states that the Debtor has applicable professional liability insurance coverage of $3,000,000.00, and that relief from the automatic stay will not impact the Debtor or the bankruptcy estate because Kerski will only seek relief against the proceeds of the professional liability insurance policy (the "Policy", Policy No. 28770096).

Kerski and the Trustee agree that the Policy was issued to the law firm of Groob, Ressler & Mulqueen, P.C. ("GRM"), and the Debtor is a named insured under the Policy. However, the Trustee argues that the Policy and its proceeds are property of the estate, and that Kerski has failed to demonstrate that it will suffer any harm or prejudice if the automatic stay is not lifted. The Trustee also argues that the Debtor and the bankruptcy estate will suffer substantial injury if the automatic stay is lifted.

**II. Discussion**

The majority of courts addressing the issue of whether an insurance policy is property of the estate have held that such policies are property of the estate under 11 U.S.C. §541(a). *In re CyberMedica, Inc.,* 280 B.R. 12, 16 (Bankr. D. Mass. 2002), *citing e.g.*, *MacArthur Co. v. Johns-Manville (In re Johns-Mansville Corp.)*, 837 F.2d 89, 92 (2d Cir. 1988). In the case of *Matter of Edgeworth*, the United States Court of Appeals for the Fifth Circuit explained why insurance

2

policies generally fall within the broad category of "property of the estate":

> Property of the estate, defined in 11 U.S.C. § 541(a), includes all legal or equitable interests of the debtor in property as of the commencement of the case. This definition is intended to be broadly construed, and courts are generally in agreement that an insurance policy will be considered property of the estate. Insurance policies are property of the estate because, regardless of who the insured is, the debtor retains certain contract rights under the policy itself. Any rights the debtor has against the insurer, whether contractual or otherwise, become property of the estate.

*Matter of Edgeworth*, 993 F.2d 51, 55 (5th Cir. 1993) (internal quotation marks omitted).

In the present case, the Debtor retains limited contractual rights under the Policy. The Policy provides:

> "[t]he [Insurer] agrees to pay on behalf of the Insured all sums in excess of the deductible that the Insured shall become legally obligated to pay as damages and claim expenses because of a claim that is both first made against the Insured and reported in writing to the [Insurer] by reason of an act or omission in the performance of legal services by the Insured or by any person for whom the Insured is legally liable . . ."

(Policy at 1). The Policy provides coverage for the Debtor: the Policy defines "Insured" as "the Named Insured" and "any lawyer . . . who is or becomes a partner, officer, director, stockholder-employee, associate, manager, member of employee of the Named Insured during the policy period . . ." including "any lawyer previously affiliated with the Named Insured . . . [who] voluntarily ceases, permanently and totally, the private practice of law." (Policy at 4). Therefore, because the Debtor was a lawyer/partner of the named insured, and the definition of "property of the estate" is intended to be broadly construed, *Matter of Edgeworth*, 993 F.2d at 55, the Policy is property of the estate due to the Debtor's contractual rights under the Policy.

Although the Policy is property of the Debtor's estate, the Court must also determine whether the proceeds of the Policy are property of the Debtor's estate. "The question is not who

3

owns the policies, but who owns the liability proceeds". *Matter of Edgeworth*, 993 F.2d at 55, *citing In re Louisiana World Exposition*, 832 F.2d 1391, 1399 (5th Cir. 1987). As noted in the *Matter of Edgeworth*, "[t]he overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim." *Id.* at 55-56.

Upon consideration of the Motion for Relief, the Objection, the Reply, the Supplemental Memorandum in Support, the Supplemental Objection, the arguments of counsel and the Trustee at the January 10, 2017 and February 7, 2017, hearings, and the relevant statutes and case law, the Court finds:

1. Proceeds of an insurance policy are not property of a debtor's estate when the debtor does not have a right to receive or keep the proceeds when the insurer pays on a claim. *See Matter of Edgeworth*, 993 F.2d 51 (5th Cir. 1993) (although the malpractice insurance policy of debtor-physician was property of the estate, the proceeds of the policy were not and could be recovered by malpractice plaintiff).

2. The Debtor has no legally cognizable claim to the insurance proceeds of the Policy and therefore the proceeds of the Policy are not property of the estate. "[T]he estate's legal and equitable interests in property rise no higher than those of the debtor". *Matter of Edgeworth,* 993 F.2d 51, 56 n.20 (5th Cir. 1993) (citation omitted).

3. Kerski has demonstrated that relief from the automatic stay will not impose great prejudice on the Debtor or impede the administration of the Debtor's Chapter 7 case.

Accordingly, it is hereby

**ORDERED:** The relief requested in the Motion for Relief is granted and the automatic stay

provisions of 11 U.S.C. §362(a) are hereby modified pursuant to 11 U.S.C. §362(d)(1) to permit Kerski to pursue its professional liability and related claims against the Debtor.

DATED:   March 30, 2017

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut

5